UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No. 8:18-cr-441-WFJ-CPT

MIGUEL DUMENG ALVIRA

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)(1)(A)

This matter comes to the Court on Defendant Miguel Dumeng Alvira's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 58. The United States filed a response in opposition. Doc. 60. Upon review of the submissions, the Court denies the Motion for Compassionate Release.

### LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). According to the exception in 18 U.S.C. § 3582(c)(1)(A), when a defendant has exhausted his or her administrative remedies, the Court may exercise its discretion to reduce the term of imprisonment after considering the factors provided in 18 U.S.C. § 3553(a)—if (1) extraordinary and compelling reasons warrant such a reduction and (2) such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Smith*, No. 8:17-CR-412-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

On June 7, 2019, this Court sentenced Mr. Alvira to 120 months' imprisonment, following his plea of guilty to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, 100 grams or more of heroin, and a quantity of cocaine; possession with intent to distribute 40 grams or more of fentanyl and 100 grams or more of heroin; and possession with intent to distribute 400 grams or more of fentanyl, 100 grams or more of heroin, and a quantity of cocaine. Doc. 43.

Defendant Alvira filed a motion for compassionate release, claiming extraordinary and compelling circumstances due to COVID-19 and family circumstances. Doc. 58 at 3. Defendant Alvira also asks the Court to transfer him to home confinement. *Id.*

First, the court does not have authority to grant home confinement. *See United States v. Staltare*, No. 8:14-CR-460-T-33TBM, 2020 WL 2331256, at *1 (M.D. Fla. May 11, 2020) (stating "the Court has no authority to direct the Bureau

of Prisons (BOP) to place [the defendant] in home confinement because such decisions are committed solely to the BOP's discretion") (citing *United States v. Calderon*, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)).

Regarding Defendant Alvira's release, the government argues Defendant is not eligible as he did not demonstrate that COVID-19 created "extraordinary and compelling circumstances." Doc. 60 at 3. Extraordinary and compelling reasons include (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse of whom the only available caregiver is the defendant. *See* U.S.S.G. § 1B1.13 cmt. n.1. Defendant Alvira alleges that conditions of confinement make him more susceptible to contracting COVID-19. Doc. 58 at 3. Further, Defendant Alvira claims that his hypertension and prior history of smoking marijuana, when considered with his race, "predispose him to a risk of falling seriously ill or dying from COVID-19." *Id.* at 2, 12.

Courts have held that, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020). Even considering Defendant Alvira's medical concerns, COVID-19 is not an extraordinary and compelling condition warranting his release. His hypertension

does not substantially diminish his ability to provide self-care in prison. *See United States v. Harris*, 989 F. 3d 908, 912 (11th Cir. 2021) (affirming the district court under an abuse of discretion standard that the defendant's medical conditions were not extraordinary and compelling circumstances because hypertension was her only condition that the CDC listed as a COVID-19 risk factor, which only "might be an increased risk"). Moreover, here, Defendant Alvira failed to provide documentation of his underlying conditions. *See United States v. Simmons*, No. 8:12-CR-219-T-27AEP, 2020 WL 3001380, at *1 (M.D. Fla. June 4, 2020) (denying release when the defendant did not provide "any medical documentation reflecting that, because of his high blood pressure and hypertension, he suffers [from] a serious medical condition or is unable to care for himself while incarcerated"). Defendant Alvira's susceptibility to COVID-19 is also mitigated by having received the vaccine. Doc. 58 at 18.

As to Defendant Alvira's claim that his family circumstances are extraordinary and compelling, the government argues that this does not fall within the § 3582(c)(1)(A) reasons. Defendant Alvira's alleged extraordinary and compelling family circumstances are limited to his ill mother needing care and the resulting financial hardship. Doc. 58 at 19. These family circumstances do not fall within the U.S.S.G. § 1B1.13 application notes.

Even if there were extraordinary and compelling reasons warranting

Defendant Alvira's release, the 18 U.S.C. § 3553(a) factors weigh against him. Release can only be granted when the defendant is not a danger to the safety of any person or the community. U.S.S.G. § 1B1.13(2). The quantity of drugs, including fentanyl, that Defendant Alvira intended to distribute indicates that he is a danger to the community. Doc. 43. Defendant Alvira was sentenced to 120 months, further showing the seriousness of his offense. *Id.*

## CONCLUSION

The Court **DENIES** Defendant's Motion for Compassionate Release (Doc. 58).

**DONE AND ORDERED** at Tampa, Florida, on June 29, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record